**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISON
Case No.:

JERRY SMITH,

      Plaintiff,

v.

THE GUARDIAN LIFE INSURANCE
COMPANY OF AMERICA,

      Defendant.

_____/

### COMPLAINT FOR DISABILITY BENEFITS

      Plaintiff, Jerry Smith, files his Complaint against Defendant, The Guardian Life Insurance

Company of America, and says:

### I. JURISDICTION AND VENUE

      1.     Plaintiff's claims are filed pursuant to the Employee Retirement Income Security

Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. §

1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

      2.     Plaintiff, Jerry Smith ("Mr. Smith" or "Plaintiff"), is a citizen of the United States

of America and was at all times relevant a participant of the long-term disability insurance policy

at issue (the "long-term disability policy"). Defendant, The Guardian Life Insurance Company of

America ("Guardian" or "Defendant"), is the insurer and claims administrator of the long-term

disability policy, is a foreign corporation authorized to do business in Florida, and can be found in

the Southern District of Florida.

### III.    FACTS

3.      At all times material to this action there was in full force and effect a group long-term disability policy constituting a binding contract of insurance between the parties. The policy was underwritten and administered by Defendant.

4.      At all times material, Defendant operated under an inherent structural conflict of interest because of the Defendant's dual role as administrator of claims while serving as the insurance company paying benefits out of its own assets.

5.      Mr. Smith was employed with ABM Healthcare Support Services ("ABM") as a Facilities Management Assistant Director.  By virtue of his employment at ABM, Mr. Smith was an eligible participant of the long-term disability policy at all times material to this action.

6.      The purpose of the long-term disability policy was to provide Mr. Smith a monthly benefit in the event that he became disabled ("long-term disability benefits").

7.      The long-term disability policy defined Disability, in pertinent part, as follows:

8.      **Disability or Disabled**: These terms mean a covered person has  physical, mental or emotional limits caused by a current *sickness* or *injury*. And, due to these limits, he or she is: (a) not able to perform, on a full-time basis, the major duties of his or her *own occupation*; and (b) not able to earn more than this *plan's* maximum allowed *income earned during disability*. Mr. Smith has suffered, and continues to suffer, from a number of medical conditions including, but not limited to, lumbar spinal stenosis, lumbar region neurogenic claudication, herniated disc(s), recurrent right rotator cuff tear, chronic pain, depression, insomnia, anxiety, diverticulitis, gastritis, gastroenteritis, hyperlipidemia and gout.

9.      Mr. Smith has been unable to perform the major duties of his own occupation or earn more than the plan's maximum allowed income earned during disability.  Mr. Smith is disabled under the terms of the long-term disability policy.

10.      Mr. Smith was forced to discontinue working in November of 2017 due to his disabling conditions.

11.      In accordance with the procedures set forth by the long-term disability policy, Mr. Smith notified Defendant that he was disabled.

12.      By letter dated July 11, 2018, Defendant acknowledged Mr. Smith's disability under the policy, accepting liability by paying long-term disability benefits effective May 26, 2018.

13.      By letter dated February 28, 2020, Defendant terminated Mr. Smith's long-term disability benefits effective February 27, 2020.

14.      Mr. Smith timely appealed Defendant's decision to deny his long-term disability benefits by letter dated March 30, 2020.

15.      Defendant denied Mr. Smith's appeal for long-term disability benefits and communicated its decision via letter dated November 1, 2020.

16.      Mr. Smith exhausted his appeals under ERISA.

17.      In terminating Mr. Smith's long-term disability benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

18.      The termination of Mr. Smith's long-term disability benefits was a breach of the terms of the long-term disability policy, and the decision was wrong and arbitrary and capricious.

19.      Defendant's termination of Mr. Smith's disability benefits breached the fiduciary duties owed to Mr. Smith under ERISA. Defendant further failed to discharge its duties in respect

to discretionary claims processing solely in the interests of Mr. Smith as a participant of long-term disability policy.

## IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 19 as if fully stated herein and says further that:

20.     Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

21.     Plaintiff is entitled to the benefits identified herein because:

    a.   the benefits are permitted benefits under the policy;

    b.   Plaintiff has satisfied all conditions to be eligible to receive the benefits;

    c.   Plaintiff has not waived or otherwise relinquished his entitlements to the benefits.

22.     Defendant has refused to pay the benefits sought by Mr. Smith, ignoring the medical records and clear opinions of his physicians.

## V. COUNT II: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraphs 1 through 22 as if fully stated herein and says further that:

23.     To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

## VI. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 23 as if fully stated herein and says further that:

24.     As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Mr. Smith unpaid long-term disability benefits, plus interest.

25.     Defendant is also liable for Mr. Smith's attorney's fees and the costs of litigation in an amount to be proven at trial.

26.     Defendant is also liable to place Plaintiff in the position he would have enjoyed under the policy had he not been wrongfully denied benefits by Defendant.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jerry Smith, prays for a judgment against Defendant, The Guardian Life Insurance Company, for the relief as pleaded herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 26th day of February, 2021.*

*/s/ Edward P. Dabdoub*
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
Kevin E. Probst (FBN. 51422)
kevin@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007
*Counsel for Plaintiff, Jerry Smith*